STATE OFFICERS AND EMPLOYEES South Oklahoma City Junior College cannot purchase certificates of deposit from a bank employing a member of the Board of Regents of South Oklahoma City Junior College unless such purchase is made by the College after public notice and competitive bidding, as provided for in 77 O.S. 1404 [77-1404] and 77 O.S. 1405 [77-1405] (1971), and otherwise complies with both the letter and spirit of the Oklahoma Code of Ethics for State Officials and Employees. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Can South Oklahoma City Junior College purchase certificates of deposit from a bank which employs a member of the Board of Regents of the Junior College? Title 21 O.S. 344 [21-344] (1971), provides as follows: "Every public officer, being authorized to sell or lease any property, or make any contract in his official capacity, who voluntarily becomes interested individually in such sale, lease or contract, directly or indirectly, is guilty of a misdemeanor." This statutory provision was enacted as part of revised laws of 1910 and was adopted from 1887 compiled laws of Dakota Territory. It has remained unamended since its adoption in the State of Oklahoma. It established the general rule that it is improper for a public official to engage in self-dealing or be involved in a conflict of interest. In 1968, the Legislature enacted the Oklahoma Code of Ethics for State Officials and Employees (70 O.S. 1401 [70-1401] — 70 O.S. 1408 [70-1408] (1971)). 70 O.S. 1403 [70-1403] of the Code defines the term "state employee" to include an elected or appointed officer of the state. Further, Section 70 O.S. 1403 [70-1403] defines the term "substantial financial interest" as follows: "Substantial financial interest' means an interest that could result in directly or indirectly receiving a substantial pecuniary gain or sustaining a substantial pecuniary loss as a result of ownership or interest in a business entity, or as a result of salary, gratuity, or other compensation or remuneration from any individual, partnership, organization or association. . . ." (Emphasis added) The pertinent portion of 70 O.S. 1404 [70-1404] of the Code provides as follows: "No state employee shall: ". . . " (d) Sell or cause to be sold, either as an individual or through any business enterprise in which he holds a substantial financial interest, goods or services to any state agency . . . except as provided in Section 5(a) of this act . . . ." (Emphasis added) Section 5(a) of the act, referred to above in 70 O.S. 1404 [70-1404], is codified as 70 O.S. (a) of the act, and the pertinent portion thereof reads as follows: "No agency shall: "(a) Enter into any contract with a state employee of the agency, or with a business in which such person shall have a substantial financial interest, unless a contract is made after public notice and competitive bidding . . . ." (Emphasis added) It would appear that a Board member being paid a salary by a bank would have a "substantial financial interest", within the meaning of 70 O.S. 1403 [70-1403]. 21 O.S. 344 [21-344], which generally makes contracts improper, then must be read together with the later enacted provisions of the Code of Ethics for State Officials and Employees. In reading these two enactments together, it appears that 70 O.S. 1405 [70-1405] of the Code of Ethics, allowing a state agency to enter into contracts with employees of the agency where the contract is made after public notice and competitive bidding, is an exception to the prohibition contained in 21 O.S. 344 [21-344] (1971). The Code of Ethics for State Officials and Employees, including Section 1405, is the latest legislative expression on the subject, see In re Tendell, 292 P.2d 1022 (Okl. 1956). Further, it does not appear that the Legislature in enacting the Code of Ethics for State Officials and Employees in 1968, thereby expressly allowing a state agency to contract with an officer or employee after public notice and competitive bidding, otherwise intended for such transaction to be prohibited as constituting a crime under the 1910 enactment, codified as 21 O.S. 344 [21-344] (1971). It is, therefore, the opinion of the Attorney General that your question may be answered as follows: South Oklahoma City Junior College cannot purchase certificates of deposit from a bank employing a member of the Board of Regents of South Oklahoma City Junior College unless such purchase is made by the College after public notice and competitive bidding, as provided for in 74 O.S. 1404 [74-1404] and 74 O.S. 1405 [74-1405] (1971), and otherwise complies with both the letter and spirit of the Oklahoma Code of Ethics for State Officials and Employees. (GERALD E. WEIS) ** SEE: OPINION NO. 80-298 (WITHDRAWS THIS OPINION) **